IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00007-WDM-BNB

STEVEN WILBUR,

    Plaintiff,

v.

THE SPORTS AUTHORITY, INC.,

    Defendant.

## ORDER ON MOTION TO STAY PENDING ARBITRATION

Miller, J.

    This case is before me on defendant The Sports Authority, Inc.'s motion to dismiss or alternatively to stay the action pending arbitration, filed January 4, 2006.  I have read the parties' written arguments and conclude that oral argument is not required.  For the reasons that follow, I will grant the motion to stay pending arbitration.

Background

    Plaintiff Steven Wilbur filed suit in Colorado state court asserting claims for breach of employment contract, intentional infliction of emotional distress, violation of the Colorado Wage Claim Act, age discrimination in violation of federal and state law, and unjust enrichment.  The Sports Authority removed the case to this court based on the federal age discrimination claim.

    In his first claim for relief, subtitled "Demand for Arbitration," Wilbur identifies an arbitration provision in his employment agreement with The Sports Authority.  In the

provision, the parties agreed that all employment disputes "shall be resolved by arbitration in Denver, Colorado pursuant to then prevailing National Rules for the Resolution of Employment Disputes of the American Arbitration Association." Complaint, ¶ 57.  Wilbur asserts that the parties attempted to agree on an arbitrator but were unable to do so; he asks the court to appoint a "competent arbitrator" to resolve the matter.  *Id.*, ¶ 60.

### Standard of Review

The Federal Arbitration Act mandates a stay of a judicial proceeding where the parties have executed a written arbitration agreement covering the dispute:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

### Discussion

The Sports Authority moves to stay the case pending arbitration, asserting that the arbitration agreement directs the parties to proceed pursuant to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association (AAA) and that those rules provide a process for the selection of an arbitrator.

In his response, Wilbur unequivocally states he wishes to proceed with arbitration.  Response, at 2.  Although Wilbur argues that the agreement does not

require that the arbitration be held before the AAA or one of its arbitrators, he does not dispute that the terms of the arbitration agreement provide for the use of the AAA rules and that those rules set forth a process for selecting an arbitrator if the parties are unable to agree.

Wilbur reiterates his request that the court appoint an arbitrator for the parties, but he cites no authority allowing the court to do so. I am unaware of any authority permitting me to appoint an arbitrator in these circumstances, where the parties have agreed to arbitration under rules expressly providing appointment procedures. Further, once I am satisfied that the parties' disputes are referable to arbitration under a valid, written agreement, 9 U.S.C. § 3 directs me to stay this judicial proceedings to allow for arbitration "in accordance with the terms of the agreement." Here, the terms of the parties' agreement provide a process in the arbitration proceedings themselves for selection of an arbitrator where the parties are unable to agree. Because there is no dispute that the parties have agreed, and indeed desire, to arbitrate the current claims, I must stay this case to allow arbitration.

Accordingly, it is ordered:

1. The motion to dismiss or to stay pending arbitration, filed January 4, 2006, is granted in part to stay this case pending arbitration.
2. This case shall be administratively closed until April 6, 2007, to allow the parties to arbitrate their disputes pursuant to the arbitration provision in the employment agreement.
3. If no action is taken on or before April 6, 2007, to reopen this case, it shall be

dismissed without prejudice without further notice to any party.

DATED at Denver, Colorado, on April 4, 2006.

                                      BY THE COURT:

                                      s/ Walker D. Miller
                                      United States District Judge